UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUL NAZ AKBARI (A-221-417-423),<br>Petitioner,<br>v.<br>WARDEN OF CALIFORNITY CITY DETENTION FACILITY, et al.,<br>Respondents. | No. 1:26-cv-07992-DC-SCR (HC)<br><br>ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS<br><br>(Doc. Nos. 13, 15) |

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 28, 2026, Petitioner filed the pending petition in which she seeks habeas relief from the government's purported violation of substantive due process, procedural due process, and the Immigration and Nationality Act ("INA"). (Doc. No. 1 at 9–11.) As a remedy for these violations, Petitioner seeks immediate release from custody or a bond hearing before a neutral arbiter. (*Id.* at 12.) On November 6, 2026, the magistrate judge filed findings and recommendations. (Doc. No. 13.) The magistrate judge found that Petitioner's right to substantive due process has been violated, declined to address Petitioner's procedural due process and INA claims, and recommended that Petitioner be granted release. (*Id.*) The findings and recommendations were served on all parties and contained notice to all parties that any objections

to the findings and recommendations were to be filed within three days. (*Id.*) On November 8, 2026, Respondents objected to the findings and recommendations "for the reasons stated in their Answer and Supplemental Brief." (Doc. No. 14.) On November 9, 2026, Petitioner filed a Request for Release. (Doc. No. 15.)

The undersigned has found that due process entitles noncitizens apprehended upon their entry to the United States to a bond hearing before a neutral arbiter once their detention under 8 U.S.C. § 1225(b) has grown prolonged. *See M.M. v. Bondi*, No. 1:26-cv-00813-DC-AC, 2026 WL 604200 (E.D. Cal. Mar. 4, 2026) (granting temporary restraining order and ordering a bond hearing before an immigration judge for petitioner who had not received a bond hearing during approximately sixteen months of detention pursuant to § 1225(b)); *Nasar v. Warden*, No. 2:26-cv-00433-DC-AC, 2026 WL 731160 (E.D. Cal. Mar. 16, 2026) (granting temporary restraining order and ordering a second bond hearing before an immigration judge for petitioner who was detained under 8 U.S.C. § 1225 and where nine months had elapsed since petitioner's last bond hearing); *see also Diaz-Alfonso v. Warden, Cal. City Immigr. Processing Ctr.*, No. 1:26-cv-07682-DC-CKD, 2026 WL 3060522, at *1 (E.D. Cal. Oct. 13, 2026) (rejecting the argument that *Thuraissigiam* prohibits all due process relief for noncitizens detained under 8 U.S.C. § 1225 because "the petitioner's due process claim in *Thuraissigiam* concerned *admission* to the country, not *detention*" and therefore did not address "the due process protections necessary to detain [a noncitizen]") (emphasis in original). Thus, Respondents' objections do not provide a basis upon which to reject the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court will decline to adopt the findings and recommendations. For the reasons set forth in *M.M.*

/////

/////

/////

/////

/////

and *Nasar*, the court will grant the habeas petition on procedural due process grounds[1] and order that Petitioner be provided with her requested relief of a bond hearing before a neutral arbiter.

Accordingly, IT IS HEREBY ORDERED that:

1. The court DECLINES TO ADOPT the findings and recommendations filed November 6, 2026 (Doc. No. 13);
2. Petitioner's application for writ of habeas corpus (Doc. No. 1) is GRANTED on Count Two (procedural due process), as follows:
   a. Within fourteen (14) days, Respondents are ORDERED to provide Petitioner Gul Naz Akbari (A-221-417-423) with a bond hearing before an immigration judge at which the government shall bear the burden of proving, by clear and convincing evidence, that Petitioner is either a flight risk or risk to community safety such that Petitioner's continued immigration detention is justified;
   b. Respondents are ORDERED to provide Petitioner and her counsel with seven (7) days' advance notice of the date and time of the scheduled bond hearing and allow Petitioner to have counsel present at the hearing should she so desire;
   c. If Respondents fail to comply with the above, Petitioner shall be immediately released from Respondents' custody; and
   d. Within seventeen (17) days of the date of entry of this order, Respondents are ORDERED to file a status report with this court certifying compliance with this order and attaching, as applicable, the immigration judge's order

[1] Because the court is granting the petition on the procedural due process claim, the court need not address any additional grounds raised in the petition. *See N.K. v. Noem*, No. 1:26-cv-00292-KES-SAB (HC), 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas petition as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to that second count); *Constantinovici v. Bondi*, 806 F. Supp. 3d 1155, 1166 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release").

from the bond hearing;

3. Petitioner's pending request (Doc. No. 15) is DENIED as having been rendered moot by this order;
4. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and
5. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **November 18, 2026**

Dena Coggins
United States District Judge